UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. MJ 19-386 |
| | ) | (N.D. Fla. No. 19 mj 03305 – louis) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DETENTION ORDER |
| | ) | |
| ERIC LIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Offense Charged: Interstate transmission of threatening communications

Date of Detention Hearing: September 3, 2019.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds: (1) by clear and convincing evidence, that no condition or combination of conditions which defendant can meet would reasonably assure the safety of other persons and the community; and (2) by a preponderance of the evidence, that no condition or combination of conditions which defendant can meet would reasonably assure defendant will make his court appearances as required.

DETENTION ORDER
PAGE -1

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The Complaint alleges that defendant threatened, via Facebook, to kill or to injure specific individuals and entire groups, generally because they belonged to specific nationalities or racial or ethnic groups. It also alleges that he hired an associate to beat up a specific person in Miami, and then to kidnap her and transport her to Seattle; and that defendant and made a payment toward their agreement.

(2) Even if defendant does not carry out any of his threats, just making the threats poses a danger to the community, as they are very frightening to those who receive them or become aware of them.

(3) Defendant's criminal record includes two convictions for harassment; two for telephone misuse repeat calls; burglary first degree; and a charge pending in Virginia for concealed weapon in possession. Defendant failed to appear in the case pending in Virginia, and traveled to Seattle. The Virginia court issued a bench warrant, which is still pending. Defendant allegedly told law enforcement he was aware of this warrant when he left for Seattle.

(4) Defendant has a history of failure to comply with conditions. He had various violations while on probation, and violated no-contact orders.

(5) He has very few substantial roots in the State of Washington, or Florida, or Maryland. He is unmarried, has no children, and no steady employment. He is associated with multiple aliases and two dates of birth.

(6) Defense counsel urges that defendant's conduct is caused almost entirely by his various mental health ailments. This might well be true – but does not diminish the

danger he would pose if released, or the likelihood that he would fail to appear as required. Defendant has failed to comply with mental health treatment in the past.

(7) Defense counsel also argues that defendant's danger could be addressed by prohibiting his access to the internet. Counsel proposes that defendant reside with his father in Maryland, who would not allow internet access in the home. But defendant could easily gain access to the internet at an internet café, or a public library.

(8) Defense counsel also argues that if defendant is detained, he will be in danger from other inmates or even from law enforcement officers; and that this potential danger outweighs any danger defendant might present to other persons or the community. This contention is without merit. Among other reasons, the court has confidence that law enforcement officials, in the exercise of their professional responsibilities, will provide defendant proper protection.

(9) This Detention Order is without prejudice to defendant's right to move to re-open this issue when he reaches the charging district, the N.D of Florida.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this <u>3rd</u> day of September, 2019.

<u>s/ John L. Weinberg</u>
United States Magistrate Judge

DETENTION ORDER
PAGE -4